IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMERICK LEE KILLION,
   Plaintiff,

v.

AMAZON ATL 6,
   Defendant.

Civil Action No.
1:23-cv-00232-SDG

**OPINION AND ORDER**

This case is before the Court on Plaintiff Demerick Lee Killion's application to appeal *in forma pauperis* [ECF 16]. For the following reasons, Killion's application is **DENIED**.

**I.   Background**

This case involves an incident at an Amazon facility in East Point, Georgia that took place on July 16, 2022.[1] Killion alleges that he was assaulted by an unnamed person early that morning but did not retaliate.[2] However, Killion's employment at Amazon was terminated a few days later, and Killion claims that Amazon gave a false reason for his termination.[3] Based on these allegations, Killion brings claims for wrongful termination and defamation of character.[4]

---

[1]   ECF 4, ¶ 14.

[2]   *Id.*

[3]   *Id.*

[4]   *Id.* ¶ 13.

1

Killion initially filed a charge with the U.S. Equal Employment Opportunity Commission on October 17, 2022.[5] The EEOC concluded that there was no evidence that Killion was discriminated against and issued a right to sue letter.[6] Killion filed his original complaint and an application for leave to proceed IFP in this Court on January 17, 2023.[7] U.S. Magistrate Judge Catherine M. Salinas granted Killion's application but identified several deficiencies in his original complaint and offered him the opportunity to amend his pleading.[8] Killion filed an amended complaint on February 23.[9] Judge Salinas conducted a frivolity review of the amended complaint and issued a Final Report and Recommendation (R&R) that the amended complaint be dismissed for lack of subject matter jurisdiction.[10] Killion objected to the R&R, but undersigned overruled Killion's objections and adopted the R&R, and the case was dismissed without prejudice.[11] Now, Killion seeks permission to appeal IFP.[12]

---

[5]   *Id.* at 14.

[6]   *Id.* The right to sue letter included with Killion's amended complaint is undated.

[7]   ECF 1.

[8]   ECF 2.

[9]   ECF 4.

[10]  ECF 5.

[11]  ECFs 7, 12.

[12]  ECF 16.

## II. Applicable Legal Standards

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Under both the statute and the rule, a party must show an inability to pay and the basis of the appeal. The appeal must also be brought in good faith—an objective standard that is met when a party seeks review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (citations omitted). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

## III. Discussion

Killion's affidavit shows his inability to pay the appellate filing fee.[13] However, the Court concludes that Killion's proffered basis for appeal is frivolous. Killion argues that if he were a white male, Amazon's human resources department would have handled his alleged assault differently, and there is video and witness evidence to substantiate his claim.[14] Even assuming for the sake of

---

[13]   *Id.*

[14]   ECF 16, ¶ 1.

argument that this were true, Killion's appeal does not address the critical issue identified in the R&R: Killion's amended complaint does not state a claim under federal law or provide any other basis for the Court's jurisdiction, and therefore the Court lacks subject matter jurisdiction over his claims.[15] Accordingly, the Court concludes that Killion's appeal is not taken in good faith and does not survive frivolity review. Fed. R. App. P. 24(a)(3)(A).

### IV.   Conclusion

Killion's application to appeal *in forma pauperis* [ECF 16] is **DENIED**. **Further requests to proceed *in forma pauperis* should be directed by motion to the Court of Appeals for the Eleventh Circuit within 30 days pursuant to Fed. R. App. P. 24.**

**SO ORDERED** this 24th day of March, 2025.



Steven D. Grimberg
United States District Judge

---

[15]   ECF 5.